UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LASHA DARA GUESS                                                                          PLAINTIFF

V.                                         No. 4:20-CV-887-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                                                         DEFENDANT

## ORDER

### I.   Introduction

Plaintiff, Lasha Dara Guess ("Guess"), applied for disability benefits on August 14, 2017, alleging disability beginning on December 23, 2011.[2] (Tr. at 17). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on July 15, 2019. (Tr. at 41). The Appeals Council denied her request for review on June 5, 2020, making the ALJ's denial of Guess's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court[3] reverses the ALJ's decision and remands for further review.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] At the hearing, Guess amended her alleged onset date to February 1, 2015. *Id.*

[3] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision

The ALJ found that Guess had not engaged in substantial gainful activity since the amended alleged onset date of February 1, 2015.[4] (Tr. at 20). The ALJ found, at Step Two, that Guess had the following severe impairments: insulin-dependent diabetes mellitus with neuropathy, chronic obstructive pulmonary disease ("COPD"), status-post fracture of right tibia/fibula/ankle with hardware removal, degenerative disc disease/herniated lumbar disc, bilateral sensorineural hearing loss, obsessive-compulsive disorder ("OCD"), attention deficit-hyperactivity disorder ("ADHD"), bipolar disorder, anxiety, post-traumatic stress disorder ("PTSD"), depression, and borderline personality disorder. *Id*.

After finding that Guess's impairments did not meet or equal a listed impairment (Tr. at 20–23), the ALJ determined that Guess had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations: (1) she can never climb ladders, ropes, or scaffolds, and can only occasionally climb ramps or stairs; (2) she can occasionally stoop, crouch, kneel, and crawl; (3) she should avoid exposure to extreme heat, cold, or excessive

---

[4] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

2

wetness and humidity; (4) she should avoid exposure to pulmonary irritants, such as fumes, odors, dust, gases, and poorly ventilated areas; (5) she should avoid work at unprotected heights or work requiring the use of or exposure to hazardous machinery; (6) she should avoid exposure to excessive vibrations; (7) she should avoid exposure to extreme noise levels and would require face-to-face instructions in work settings in which there are no moderate, loud, or very loud noise levels; (8) she can make simple, work-related decisions and can maintain concentration, persistence, and pace for at least two hours at a time for simple tasks; (9) she can understand, carry out, and remember simple work instructions and procedures, and she can adapt to changes in the work setting that are simple, predictable, and can be easily explained; (10) she can perform work in which the supervision required is simple, direct, and concrete; and (11) she should avoid working directly with the public and interactions with co-workers and supervisors should be occasional and superficial in nature. (Tr. at 24).

The ALJ determined that Guess was unable to perform any of her past relevant work. (Tr. at 39). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Guess's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions as table worker and addresser. (Tr. at 41). Thus, the ALJ concluded that Guess was not disabled. *Id*.

### III.   Discussion

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

### B.     Guess's Arguments on Appeal

Guess contends that evidence supporting the ALJ's decision to deny her application for benefits is less than substantial. She argues that the ALJ did not properly evaluate the treating provider opinions of Dr. H. K. Short, M.D., and APRN Jennifer Price.

Guess had both mental and physical impairments that interfered with her daily functions. She had low back pain that resulted in a slowed and antalgic gait, decreased range of motion in the cervical and lumbar spine, and tenderness in the thoracic spine. (Tr. at 1094–1095). Her pain management provider noted in February 2015 that she had trouble getting on and off the examination table. *Id*. Guess treated with steroid injections, radiofrequency neurotomy, radiofrequency ablation, and a lumbar plexus block. (Tr. at 1281, 1913, 2228). She also took strong pain medications, which she said helped to some extent, but did not get her pain to a level below 7 out of 10 on the pain scale. (Tr. at 26–30, 1059, 1089, 1931)

Guess treated mental health issues with therapy and medication, which were not that effective. At therapy sessions in 2015, Guess often appeared depressed, with tearfulness and irritable mood and affect, and poor insight. (Tr. at 543–563). At a diagnostic examination with Mike Parker, Ph.D., in November 2017, Guess was depressed with a flat affect. (Tr. at 1984–1988). She was also slow in performing intelligence tests. *Id*. Dr. Parker opined that Guess appeared highly conflicted in virtually all interpersonal and social settings. *Id*. At a visit with APRN Price in December 2017, Guess appeared anxious, with impoverished speech, impaired attention, and obsessive thought-process. (Tr. at 1997). Guess endorsed difficulty with performing daily activities. (Tr. at 25–30).

Two of Guess's treating providers filled out medical source statements. Dr. Short was Guess's PCP, and he saw her regularly throughout the relevant time-period. He was familiar with her chronic pain, acute conditions, and mental impairments. He filled out his medical source statement on February 23, 2018. (Tr. at 2136–2137). On the form, he noted diagnoses of PTSD, anxiety, bipolar disorder, ADD/ADHD, OCD, osteopenia, and herniated disc. *Id*. He listed a variety of side effects Guess experienced when taking medications. *Id*. He said that Guess could walk "zero" city blocks without rest or significant pain, and that she could not sit or stand for more than 3 hours in a workday. *Id*. Dr. Short said that Guess would need unscheduled breaks and would miss more than four days of work per month. *Id*.

APRN Jennifer Price also treated Guess during the relevant time-period, and was familiar with Guess's mental health symptoms. (Tr. at 1997, 2390–2417). Price and Guess's therapist coordinated on Guess's medication management. *Id*. Price completed a medical source statement on February 12, 2018. (Tr. at 2131–2133). She described Guess as having mood lability, anger, pressured speech, nightmares, flashbacks, hallucinations, and panic attacks. *Id*. In her medical source statement, Price assessed Guess with marked to extreme problems in: (1) understanding, remembering, and applying information; (2) concentrating, persisting, or maintaining pace; (3) adapting or managing oneself; and (4) interacting with others. *Id*.

Guess asserts that the ALJ erred in his evaluation of these two medical opinions.[5] The ALJ briefly discussed the opinions of Dr. Short and APRN Price, and concluded:

---

[5] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)–(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1–2) (2017). *See Phillips v. Saul*, No. 1:19-CV-34-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

ALJs are required to explain their decisions as to the two most important factors: supportability and consistency. 20 C.F.R. 404.1520(b)(2). These requirements are meant to provide individuals with a better understanding of the Commissioner's decision and provide

> [F]or reasons as addressed in detail within the decision above, the undersigned finds the opinions of…[Dr. Short and APRN Price]…only partially supported by the substantial evidence. Specifically, the undersigned finds the substantial evidence supportive of a greater and more consistent degree of functioning from both a physical and psychological level than was advocated by Dr. Short and [APRN] Price.

(Tr. at 39).

That is the extent of the ALJ's discussion of the two opinions. He appears to have sprinkled into that statement the words "supported" and "consistent" in an attempt to comply with the regulations, without giving any examples of what he means. He did not cite to the specific limitations imposed by the two providers, or cite to the record to support his handling of the opinions. He merely cited to twenty-two pages of his own twenty-five-page decision, with no direction for the Court about where to look, or what he meant by the phrase "consistent degree of functioning." More importantly, the ALJ did not mention whether or not the opinions were "persuasive," and then give specific reasons on how that tied to the supportability and consistency of the evidence as a whole.

In *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021), an ALJ addressed the supportability of a doctor's medical opinion without discussing whether it was consistent with the other evidence in the record. The Eighth Circuit reversed the

---

sufficient rationale for a reviewing adjudicator or court. *Phillips*, supra; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 at 5854, 5858 (January 18, 2017).

district court's affirmance of the ALJ's decision, citing the ALJ's failure to articulate good reasons for his decision about the medical opinion. *Id.*[6] Accord: *Bonneau v. Saul,* No. 3:20-CV-95-PSH, 2021 WL 920981, at *5 (E.D. Ark. Mar. 10, 2021) (holding that the ALJ was required to specifically address the "supportability" factor, despite the fact that the ALJ's decision thoroughly address the "consistency" factor).

Accordingly, an ALJ must address both supportability and consistency with respect to a medical opinion, and he must offer good reasons for his determination. Merely sprinkling his discussion with those two words does not suffice. Finally, in this case, the ALJ's failure to mention whether the opinion was "persuasive" entirely undermined his analysis, and resulted in the decision not being supported by substantial evidence.

## IV.   Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's

---

[6] Failure to meaningfully discuss a medical opinion means that the ALJ has not "shown his work," to quote the Eastern District of Missouri. *Smajic v. Berryhill*, No. 4:17-CV-2474-SNLJ, 2019 WL 183980, at *4 (E.D. Mo. Jan. 14, 2019).

decision is not supported by substantial evidence, because the ALJ did not properly evaluate the opinions of Guess's treating providers.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 17th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE